IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:25-CV-208-BO-RN

| | |
|---|---|
| TODD D. SANDERS, SR., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>UNITED WAY OF NORTH CAROLINA, )<br>INC. )<br>)<br>Defendant. ) | ORDER |

This cause comes before the Court on defendant's motion to dismiss plaintiff's complaint pursuant to Rules 12(b)(5), 12(b)(2), and 12(b)(6) of the Federal Rules of Civil Procedure. [DE 7]. Plaintiff has responded in opposition [DE 13]; [DE 16] and defendant has replied. [14]. In this posture, the motion is ripe for disposition. Also pending is plaintiff's motion for appointment of a special master [DE 18] and defendant's motion for an extension of time to respond thereto. [DE 20]. For the reasons that follow, defendant's motion to dismiss is granted and the remaining motions are denied as moot.

## BACKGROUND

Plaintiff, who proceeds in this action *pro se*, filed a complaint against his former employer alleging claims under Title VII of the Civil Rights Act of 1964 (Title VII) and the Age Discrimination in Employment Act (ADEA). [DE 1]. Plaintiff was employed by defendant from September 5, 2023, until his employment was terminated on November 10, 2023. *Id.* ¶ 18. Plaintiff is a fifty-nine year old African American man with partial permanent disability. *Id.* He alleges that

he experienced sex discrimination, retaliation, age discrimination, and wrongful termination. *Id.* at 3.

Plaintiff was hired by defendant as the project manager/digital navigator team leader for a federally funded internet connectivity project called the Affordable Connectivity Program. *Id.* ¶ 18. While he was employed by defendant, plaintiff alleges that he was subjected to inappropriate workplace conversations by co-workers and that he reported those conversations to his supervisors. *Id.* ¶¶ 29-31. Plaintiff further alleges that he was subjected to emasculating language and ethnic fetishizing. *Id.* ¶ 32-34; 38; 40. Plaintiff claims that, following his reports of inappropriate conversations, defendant retaliated by sending him an email with information regarding a change to his pay through its human resources platform, about which plaintiff did not receive satisfactory follow-up from his supervisor. *Id.* ¶¶ 35-37.

Plaintiff alleges that, beginning about two weeks prior to his termination, he reported his suspicions regarding drug use by his co-workers to his supervisors. *Id.* ¶¶ 44-50. Plaintiff also complains about defendant's failure to correct alleged anti-Catholic speech, which he contends caused a co-worker to resign, that defendant failed to comply with its own employment handbook to create a workplace where all of its workers were treated with dignity and respect, and that defendant permitted employees who were under plaintiff's supervision to work remotely when plaintiff was not granted the same privilege. *Id.* ¶¶ 51-55. On November 7, 2023, plaintiff reported to his supervisor that he had observed another employee behaving strangely and in a disruptive manner. On November 8, 2023, plaintiff was directed to work remotely on November 9, 2023. *Id.* ¶¶ 57-58. Plaintiff alleges that his supervisor used the time he was away from the office to manipulate employees into making manufactured allegations against him. *Id.* ¶ 59. On November 10, 2023, plaintiff returned to the office and his employment was terminated. *Id.* ¶ 61.

2

Defendant has moved to dismiss plaintiff's complaint under Rules 12(b)(5), 12(b)(2), and 12(b)(6) of the Federal Rules of Civil Procedure.

DISCUSSION

Rule 12(b)(5) authorizes dismissal for insufficient service of process, or a deficiency in service itself. *See Washington v. Cedar Fair, L.P.*, No. 3:22-cv-244-MOC-DSC, 2023 U.S. Dist. LEXIS 16559, at *5 (W.D.N.C. Feb. 1, 2023). When a defendant moves to dismiss for insufficient service of process, the plaintiff must demonstrate that service has been effected in accordance with the rules. *Elkins v. Broome*, 213 F.R.D. 273, 275 (M.D.N.C. 2003). "Absent waiver or consent, a failure to obtain proper service on the defendant deprives the court of personal jurisdiction over the defendant." *Koehler v. Dodwell*, 152 F.3d 304, 306 (4th Cir. 1998); *see also* Fed. R. Civ. P. 12(b)(2) (authorizing dismissal for lack of personal jurisdiction).

A Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted tests the complaint's legal and factual sufficiency. *See* Fed. R. Civ. P. 12(b)(6). The focus is on the pleading requirements under the Federal Rules, not the proof needed to succeed on a claim. "Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (cleaned up). This standard does not require detailed factual allegations, *id.*, but it "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Nadendla v. WakeMed*, 24 F.4th 299, 305 (4th Cir. 2022) (citation omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). For a claim to be plausible, its factual content must permit the court to "draw the reasonable

3

inference that the defendant is liable for the misconduct alleged." *Id.* "[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]" *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (internal quotation and citation omitted). However, a court does not "act as an advocate for a pro se litigant," *Gordon v. Leeke*, 574 F.2d 1147, 1152 (4th Cir. 1978), nor is it required to "'discern the unexpressed intent of the plaintiff[.]'" *Williams v. Ozmint*, 716 F.3d 801, 805 (4th Cir. 2013) (citation omitted).

Because the Court has determined that plaintiff has failed to allege a plausible claim for relief, it assumes without deciding that plaintiff has effected proper service on defendant.

Defendant argues that plaintiff has failed to exhaust the majority of his claims by first presenting them to the Equal Employment Opportunity Commission (EEOC). Before filing suit in federal court under Title VII or the ADEA, a plaintiff must first exhaust his administrative remedies by filing a Charge of Discrimination with the EEOC, and "the scope of the plaintiff's right to file a federal lawsuit is determined by the [EEOC] charge's contents." *Jones v. Calvert Group, LTD.*, 551 F.3d 297, 300 (4th Cir. 2009) (abrogated on other grounds by *Fort Bend Cty., Texas v. Davis*, 587 U.S. 541 (2019)); *see also Walton v. Harker*, 33 F.4th 165, 172 (4th Cir. 2022).

> In determining whether she exhausted her claims, we give [plaintiff] credit for charges stated in her administrative charging document, as well as "charges that would naturally have arisen from an investigation thereof." But when the claims in her court complaint are broader than "the allegation of a discrete act or acts in [the] administrative charge," they are procedurally barred.

*Parker v. Reema Consulting Servs., Inc.*, 915 F.3d 297, 306 (4th Cir. 2019) (citation omitted). Allegations of a different type of discrimination or discrimination on a different basis than that raised in the EEOC charge will be barred in a subsequent suit. *Chacko v. Patuxent Inst.*, 429 F.3d 505, 509 (4th Cir. 2005). Where an EEOC Charge is filed without the assistance of a lawyer, a court must afford it liberal construction, though it is not required "to read into administrative

4

charges allegations they do not contain." *Balas v. Huntington Ingalls Indus., Inc.*, 711 F.3d 401, 408 (4th Cir. 2013).

In his amended EEOC Charge, [DE 18-2], which the Court may consider without converting the Rule 12(b)(6) motion to one for summary judgment, *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 166 (4th Cir. 2016), plaintiff complained about his employment being terminated after he reported two separate incidents to his supervisor and defendant's President and CEO: the first concerning a female co-worker's alleged drug use during a videoconference on October 28, 2023, and the second concerning alleged drug use by his female co-workers on company grounds on October 30, 2023. Plaintiff states in his charge of discrimination that he believes he was discriminated against based on his sex and that he was retaliated against in violation of Title VII. *Id.* Plaintiff lists the date of discrimination as November 10, 2023. *Id.*

Plaintiff has failed to exhaust any claim of discrimination based on age, as this is a different basis of discrimination than that raised in his amended EEOC Charge. In his complaint, plaintiff also complains about emasculating language, fetishizing, and the failure to correct anti-Catholic speech by his co-workers which took place over his entire term of employment by defendant. To the extent plaintiff is attempting to raise a hostile work environment claim, such a claim is also non-exhausted as this is a different type of discrimination that that alleged in his EEOC Charge.

Indeed, plaintiff's complaint goes well beyond the discrete acts identified in plaintiff's amended EEOC Charge. *See Chacko*, 429 F.3d at 509. Plaintiff's amended EEOC Charge makes no mention of plaintiff's allegations related defendant's alleged failure to investigate internal complaints, inappropriate conversations between co-workers, fetishizing of Black men, inappropriate language, or disparate discipline. *See Parker*, 915 F.3d at 306. Plaintiff's complaint is properly limited to his Title VII wrongful termination claims based upon sex and retaliation.

5

While a plaintiff does not need establish a prima facie case of a discrimination claim to survive a motion to dismiss, he must nonetheless "allege facts to satisfy the elements of a cause of action created by [the] statute[.]" *McCleary-Evans v. Maryland Dep't of Transp., State Highway Admin.*, 780 F.3d 582, 585 (4th Cir. 2015); *see also Wicomico Nursing Home v. Padilla*, 910 F.3d 739, 751 (4th Cir. 2018). Additionally, "reference to the elements of a Title VII claim is helpful to gauge the sufficiency of the allegations." *Gaines v. Balt. Police Dep't*, 657 F.Supp.3d 708, 734 (D. Md. 2023).

Title VII prohibits discrimination against employees with respect to the terms and conditions of their employment on the basis of, *inter alia*, their sex. 42 U.S.C. § 2000e-2. The elements of a Title VII wrongful termination claim requires a plaintiff to show membership in a protected class, that he suffered adverse employment action, that he had been performing his job responsibilities in a way which met his employer's legitimate expectations, and that the position from which he was terminated remained open or was filled by a similarly qualified person outside of plaintiff's protected class. *Holland v. Washington Homes, Inc.*, 487 F.3d 208, 214 (4th Cir. 2007).

Plaintiff alleges that he was wrongfully terminated on the basis of his sex. Plaintiff's complaint alleges that he is a member of a protected class and that he was performing his job in a way that met his employer's legitimate expectations, but he has failed to plausibly allege that the position from which he was terminated either remained open or was filled by a person outside his protected class. Nor do plaintiff's allegations support a plausible inference that his sex was a motivating factor in defendant's decision to terminate his employment. *See Duvall v. Novant Health, Inc.*, 95 F.4th 778, 788 (4th Cir. 2024). Plaintiff's allegations in his complaint regarding sex-based discrimination primarily concern allegations which would support a hostile work

environment claim, which the Court has determined is non-exhausted. While plaintiff alleges that he was not put on notice that his performance was being reviewed for unprofessional behavior, which resulted in his termination, he does not plausibly allege that he was treated differently from any female employee in this respect. In essence, plaintiff complains that he was terminated from his employment while the female employees he alleged were using illegal drugs were not. This alone is insufficient to plausibly allege a claim for wrongful termination based upon sex.

Title VII also prohibits retaliation based upon, *inter alia*, an employee's opposition to conduct which is unlawful under Title VII. 42 U.S.C. § 2000e-3. "To establish a prima facie case of retaliation in contravention of Title VII, a plaintiff must prove '(1) that she engaged in a protected activity,' as well as '(2) that her employer took an adverse employment action against her,' and '(3) that there was a causal link between the two events.'" *Boyer-Liberto v. Fontainebleau Corp.*, 786 F.3d 264, 281 (4th Cir. 2015) (citation omitted). "Protected activity under Title VII includes complaints of discrimination based upon 'race, color, religion, sex or national origin.'" *Roberts v. Glenn Indus. Grp., Inc.*, 998 F.3d 111, 122 (4th Cir. 2021) (quoting *Landino v. Sapp*, 520 F. App'x 195, 198 (4th Cir. 2013)). For an employee's conduct to be a protected activity, it must signal opposition to unlawful discrimination, so that a reasonable employer would understand the employee intended to assert rights protected by anti-discrimination law. *See, e.g., Johnson v. Global Language Ctr.*, No. 21-1638, 2023 WL 3645055, *5 (4th Cir. May 25, 2023); *Menk v. MITRE Corp.*, 713 F. Supp. 3d 113, 150 (D. Md. 2024) (complaints about activities that are not unlawful discrimination are not protected activity).

Here, plaintiff alleges that he reported his co-workers for using illegal drugs. Plaintiff has failed to plausibly allege that he engaged in protected activity, as he did not signal opposition to any unlawful discrimination. Plaintiff has failed to plausibly allege a claim for retaliation.

7

In sum, plaintiff's lengthy complaint contains a number of allegations of discrimination that go well-beyond the limited scope of his amended EEOC Charge. As to the claims plaintiff has alleged which he has properly exhausted, he has failed to state a claim for relief. In his opposition to the motion to dismiss, [DE 13], and amended opposition to the motion to dismiss, [DE 16] plaintiff argues that the motion to dismiss was maliciously filed, is void of substantive law, and is a waste of the Court's time. [DE 16] at 1. Plaintiff also argues that he was precluded from presenting all of his arguments to the EEOC based on defendant's alleged falsified statements and that dismissal of his complaint would effectively nullify plaintiff's due process rights. Plaintiff's opposition memoranda have provided no grounds which would persuade the Court that plaintiff has plausibly alleged a claim under Title VII. Defendant's motion to dismiss is therefore granted.

Finally, in his complaint, plaintiff makes a number of references to state law claims, such as breach of contract and breach of the implied covenant of good faith and fair dealing. To the extent plaintiff intends to bring state law claims against defendant in this suit, the Court would decline to exercise supplemental jurisdiction over them in light of the dismissal of the claims over which the Court has original jurisdiction. *See* 28 U.S.C. § 1367(c)(3).

## CONCLUSION

Accordingly, for the foregoing reasons, defendant's motion to dismiss [DE 7] is GRANTED and plaintiff's complaint is hereby DISMISSED. To the extent plaintiff has alleged state law claims against defendant, the Court declines to exercise supplemental jurisdiction over such claims and they are dismissed without prejudice. Plaintiff's motion for appointment of a special master [DE 18] and defendant's motion for extension of time to respond [DE 20] are DENIED without prejudice as MOOT.

The clerk is DIRECTED to close this case.

8

SO ORDERED, this **23** day of March 2026.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

9

Case 5:25-cv-00208-BO-RN    Document 23    Filed 03/23/26    Page 9 of 9